ESTATE OF CORNELIUS J. DONAHUE, DECEASED.

[No. 11,593; decided .December 27, 1893.]

Inventory—Money Claimed Adversely by Administratrix.—The fact that an administratrix herself makes an adverse claim to moneys deposited in her name and in the name of her decedent, and payable to either, does not lessen her duty to include such deposits in her inventory.

F. W. Van Reynegom, for the minor heirs.

Thomas F. Barry, for the administratrix.

COFFEY, J.  On September 26, 1891, Cornelius J. Donahue died intestate at the city and county of San Francisco, leaving him surviving as heirs Annie Donahue, his widow; Maggie Donahue, aged thirteen years, his daughter by a former wife; and Agnes Donahue, aged two years, the child of the deceased and his said widow.

On December 1, 1891, letters of administration were duly issued to said Annie Donahue, and on February 16, 1893, the administratrix filed the inventory and appraisement of said estate.

At the time of his death said intestate had some $4,000 on deposit with the Hibernia Savings and Loan Society, and $900 with the German Savings and Loan Society, two savings banks of San Francisco.  Each of said deposits was in an

account entitled "Cornelius J. Donahue or Annie Donahue," and represented the earnings and savings of the deceased and his surviving wife subsequent to their marriage. The bankbooks representing these deposits were in the wife's possession at the time the intestate died, but no written transfer of his interest therein was shown to have been by him made.

The question before the court is whether the deposits mentioned are a portion of the estate and subject to administration thereof as community property, or whether they belong to the surviving wife as her separate estate. This question comes up at the hearing of an order for the administratrix to show cause to the court why the said deposits should not be included in the inventory of the estate. Upon the hearing the administratrix testified that the deceased in his lifetime had told her that it was his intention that in the event of his death she should have the money in question without the trouble of getting it through the probate court, and that it was deposited in the names of husband *or* wife for her benefit, and to be her separate estate on his death.

The question here involved of the duty of an administratrix to make a true inventory of all estate coming to her possession or knowledge has been before passed upon by this court in Estate of Partridge, 1 Cof. Pro. Dec. 208. In the case here cited it was held that "an administrator cannot omit to inventory property said to belong to his intestate, which is the subject of an adverse claim, on the pretense that he wants to stand neutral between the estate and the adverse claimant, leaving the merits of the controversy to the court's determination. The administrator cannot assume an attitude of neutrality; the statute points out his duty; and for the court to pass upon the merits of the adverse claim would be to assume a jurisdiction which in probate it cannot exercise." The fact that in the case at bar the adverse claim is made by the administratrix in her personal capacity does not lessen her duty as administratrix to include in her inventory of the estate the property in question, to which she makes a claim adverse to the estate.

The motion in behalf of the minor heir is granted, and it is ordered that the administratrix include the moneys in controversy in this proceeding in the inventory of the estate, by

filing a supplementary inventory thereof in accordance with the provisions of section 1451 of the Code of Civil Procedure.

---

If Any Portion of a Decedent's Estate is the subject of an adverse claim, it is prudent on the part of the administrator to add a memorandum to the inventory, stating the asserted claim. But the property must be inventoried; the administrator cannot stand neutral because the decedent's title is disputed: Estate of Partridge, 1 Cof. Pro. Dec. 208.